### FAYERWEATHER v. WILLET.

A bond to "indemnify and save harmless from any loss or damage to which a party may be subjected," is not broken by a mere liability to pay, but only by actual payment, or loss actually incurred.

THIS action was brought on a bond, with the following recital and condition:

Whereas, the said Ransom Fayerweather, as administrator, with the will annexed of the estate of Stephen Price, deceased,

has paid to John Laidlaw, by and at the request of the said Evert A. Bancker, the sum of thirteen hundred and thirty-two dollars and twenty-three cents, and also the sum of one hundred and seventy-five dollars, making in all the sum of one thousand five hundred and seven dollars twenty-three cents, on account of a judgment docketed against the said Stephen Price, deceased, in the Superior Court of the city of New York, on the 29th June, 1840, in favor of the said Evert A. Bancker, for the sum of $12,000 of debt, and five dollars costs, and which said judgment has been assigned to John Laidlaw, by assignment dated 10th July, 1840, and the same guaranteed by said Bancker.

Now, the condition of this obligation is such, that if the above bounden Evert A. Bancker, Edward M. Willet, and George W. Bancker, shall indemnify and save harmless the said Ransom Fayerweather, from any loss or damage to which he shall be subjected by reason of any claim or demand which shall hereafter be set up against the estate of the said Stephen Price, deceased, which shall be entitled to a preference over the said judgment, and shall also indemnify and save harmless the said Ransom Fayerweather from all loss or damage whatsoever, which he may sustain by reason of the payments on the said judgment, as aforesaid, and also by reason of any future payment which he shall make on the said judgment, then this obligation to be void, otherwise to remain in full force and virtue.

It was proved on the trial that a sum of money was in bank belonging to the obligee, as administrator, on which it was claimed that another party had a lien prior to that of the administrator; and that if that lien was paid off, or could be enforced, there would not be money enough in his hands to satisfy the claim mentioned in the bond, and therefore this action was brought.

The circuit judge ordered a verdict for the defendants, and on a bill of exceptions a motion was made before him for a new trial.

*The Circuit Judge:* I see no reason for changing the view which I took of this case on the trial. The bond in suit was one of indemnity only — "indemnify and save harmless the plaintiff from any loss or damage to which he shall be subjected by reason of any claim or demand which shall hereafter be set up against the estate of Stephen Price, deceased, which shall be entitled to a preference over the judgment of Bancker against Price."

It is now well established that to constitute a breach of such a bond there must be actual loss and damage — not a mere liability to loss. (*Aberdeen* v. *Blackman*, 6 Hill, 324.)

Now, in this case, it is very evident that the money in the North River Bank belonged to Price individually, and was assets in the plaintiff's hands, unexpended at the time this suit was brought. It is no answer for the plaintiff to say that Clute had a superior claim to it on his judgment. His having such a claim was no "loss or damage" to the plaintiff, nor could it be until plaintiff had actually paid out the money on such claim. That he never did, but he seeks to recover on the ground that he may some time or other be called upon to pay it over to Clute. If the bond had been to indemnify him against any liability, etc., there might be force in the suggestion, but that is not the bond in this suit. He is to be indemnified against "loss or damage," and as he did not show any loss or damage, but only an apprehension that perchance he might lose, or might be damnified, he could not recover.

There must be judgment for defendant.